UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD CASTELLINI | |
| Plaintiff, | **RICHARD CASTELLINI'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION** |
| v. | |
| HARLEY G. LAPPIN (in his official capacity as Director of the Bureau of Prisons), | Case. No. ___ |
| Defendant. | |

NOW COMES Richard Castellini ("Mr. Castellini"), by his undersigned counsel, and requests that this Court temporarily restrain and preliminarily enjoin defendant Harley G. Lappin, Director of the Federal Bureau of Prisons ("BOP"), from terminating the Shock Incarceration Program within the BOP, pending an adjudication of this matter on the merits. As grounds for this Motion, Mr. Castellini states as follows:

1. Plaintiff Richard Castellini is a resident of New Jersey. In July 2002, Mr. Castellini was convicted of two violations of money laundering and one count of conspiracy, for which he received a sentence of 21 months imprisonment. On January 6, 2005, the Court amended Mr. Castellini's Judgment to include a recommendation that Mr. Castellini serve his sentence in the BOP's Shock Incarceration Program. Mr. Castellini is scheduled to self-report to the Bureau of Prisons on February 14, 2005.

2. The Shock Incarceration Program, administered as the Intensive Confinement Center ("ICC") by the BOP, was established by an act of Congress in 1990. See 18 U.S.C. § 4046. The Shock Incarceration Program combines the features of a military boot camp and a traditional prison. The purpose of the program is "to place inmates in a highly structured environment as a means of promoting personal development, self-control, and discipline, thereby

reducing the potential for recidivism." See BOP Program Statement 5390.08, § 7(a). The "boot camp" phase of the ICC program lasts six months. Inmates who successfully complete the ICC program are eligible for up to a six-month reduction in their sentence.

3. On January 14, 2005, the BOP announced that the Shock Incarceration Program was being terminated, effective immediately. The BOP terminated the Shock Incarceration Program without following the notice-and-comment procedures required under the Administrative Procedure Act, 5 U.S.C. § 553, or consulting with the Administrative Office of the United States Courts.

4. The BOP should be preliminarily enjoined from terminating the Shock Incarceration Program. All of the factors required for a preliminary injunction to issue are met. See, e.g., Matrix Group, Ltd., Inc. v. Rawlings Sporting Goods, Inc., 378 F.3d 29, 34 (1st Cir. 2004).

5. Mr. Castellini is likely to succeed on the merits of his claims. First, the BOP does not have the authority to terminate the Shock Incarceration Program. The text and structure of 18 U.S.C. § 4046 demonstrate that Congress created and intended the continued operation of the Shock Incarceration Program. The BOP merely has the power to implement the program, not eliminate it. See MCI Telecoms. Corp. v. AT&T Corp., 512 U.S. 218 (1994). The BOP's action exceeded its delegated authority and was therefore ultra vires.

6. Mr. Castellini is also likely to prevail because the BOP's action was subject to the notice-and-comment procedures of the APA. See 5 U.S.C. § 553. The BOP's termination of the Shock Incarceration Program was clearly legislative or substantive in nature and thus is subject to § 553. See, e.g., Shalala v. Guernsey Memorial Hosp., 514 U.S. 87, 100 (1995).

7.     Finally, Mr. Castellini is likely to succeed on his claim that the BOP's actions constituted an impermissible ex post facto law. See U.S. Const. art. 1, § 9, cl. 3; Art. I, § 10, cl. 1; Weaver v. Graham, 450 U.S. 24, 29 (1981). The BOP's action was retrospective in nature because it applies to persons whose criminal conduct occurred prior to the program's elimination. The termination of the program disadvantages Mr. Castellini because, under then-existing ICC criteria, Mr. Castellini would have been eligible to have his sentence reduced by five months upon successful completion of the program.

8.     The remaining "equitable" factors regarding preliminary injunctive relief are satisfied here. The harm to Mr. Castellini is clearly irreparable: the loss of time spent with his wife and children, as well as a further interruption in his business. The balance of hardships also favors Mr. Castellini, and the public interest is served by enjoining the BOP from unilaterally terminating a Congressionally-mandated program.

9.     The grounds for this Motion are further set forth in the accompanying Memorandum in Support of Richard Castellini's Motion for Temporary Restraining Order/Preliminary Injunction and Verified Complaint.

WHEREFORE  Mr. Castellini requests that this Court:

Issue a temporary restraining order and preliminary injunction:

   a. enjoining the BOP from effectuating its decision to terminate the Shock Incarceration Program;

   b. ordering the BOP to continue operation of its ICC Program consistent with its operation of the program before any decision was made to terminate the program; and,

   c. ordering the BOP to in good faith consider Mr. Castellini for placement in an ICC program pursuant to criteria that existed prior to the BOP's decision to terminate the program; or, as an alternative to the above,

d. ordering the BOP to administer Mr. Castellini's sentence in a manner that affords him the advantages of the ICC program, including his being eligible for designation to a Community Confinement Center after six months and for a reduction in his sentence.

## REQUEST FOR ORAL ARGUMENT

Respectfully submitted,

RICHARD MR. CASTELLINI

By his attorneys,

_____
James C. Rehnquist (BBO # 552602)
David S. Schumacher (BBO # 647917)
Sheryl A. Koval (BBO # 657735)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
(617) 570-1000

OF COUNSEL:

Stephen Galoob
GOODWIN PROCTER LLP
901 New York Avenue N.W.
Washington, D.C. 20001
(202) 346-4000

Dated: February 3, 2005

## CERTIFICATE OF SERVICE

I, David S. Schumacher, hereby certify that a true copy of the foregoing document was served on counsel for Defendant via federal express on this 3rd day of February, 2005.

_____
David S. Schumacher, Esq.

LIBA/1450840.1